**FABIANI COHEN & HALL, LLP**
ATTORNEYS AT LAW

570 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022

(212) 644-4420
FAX (212) 207-8182

March 26, 2024

Via E-Filing
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312
Attention: Honorable Lewis Liman

> The motion to compel discovery is DENIED. Defendants have not shown how the relevant interrogatories satisfy Local Rule 33.3.
>
> DATE: March 27, 2024
>
> SO ORDERED.
>
> LEWIS J. LIMAN
> United States District Judge

Re:  Duartez, Carlos and Juan Lozano Vera v. 520 Fee Owner 2 LLC, et al.
Case No: 1:23-cv-03447
Our File No: 824.40287
**SECOND MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

Dear Judge Liman,

Plaintiffs served supplemental discovery responses pursuant to your Honor's Order after defendants' first discovery motion. However, some deficiencies remain, for which defendants are now forced to move for a further Order. All the good faith efforts to resolve these matters as outlined in the first motion apply to these continuing deficiencies which set forth herein.

In their answers to interrogatories with respect to notice of a "hazardous and dangerous condition" at the jobsite, while they state that defendants created it, and that therein lies their actual notice of it, they do not specify its *nature and location* as requested, leaving defendants still in the dark about that. (Number 7a.) Surely, plaintiffs cannot allege a premises condition causing their injuries without explaining what it is. Nor do they state, with respect to the claim of constructive notice of that (as yet unknown) conditioin, *its nature, its inception date, its duration, and the date when defendants had such notice.* (Number 8a, b and c.) It is insufficient to merely assert, as plaintiffs only do, that the condition (whatever they are claiming it was) existed for long enough to have been noticed.

Elsewhere, plaintiffs state that defendants "failed to provide proper overhead protection for those workers lawfully on the site", stating the cause of their injuries to be from being struck with a falling object, which implicates the way in which work at the site was being handled and managed. This is not the same thing as a "hazardous and dangerous condition" on the premises, and plaintiffs do not try to assert that it is. If plaintiffs' injuries were not caused by such a condition, they should so state in response to interrogatory numbers 7 and 8. Otherwise, they must provide the details concerning such a condition as outlined above.

Lastly, even though the Order after the first motion required plaintiffs to serve their Initial Disclosures, plaintiffs have still not done so, though they were originally due in August 2023.

[3099912/1]

Defendants request that an Order be entered compelling plaintiffs to provide full and complete answers to interrogatory numbers 7 and 8 or withdraw their allegations that plaintiffs' injuries were caused by any hazardous and dangerous condition at the job site, and to provide their Initial Disclosures.

        Very truly yours,

        FABIANI COHEN & HALL, LLP

        *Nicholas L. Paone*

        _____
        Nicholas L. Paone, Esq

cc:    Via E-Filing
        JR WYATT LAW, PLLC
        295 Madison Avenue
        Ste 27th Floor
        New York, New York 10017
        Attention: Jason M. Bernstein, Esq